**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DPG Investments LLC, et al., | No. CV-20-01386-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Westley G Anderson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion for an extension of the service deadline and leave to serve Defendant Westley G. Anderson ("Defendant") via alternative means. (Doc. 14.) The motion will be granted.

## BACKGROUND

On July 13, 2020, Plaintiffs filed the Complaint. (Doc. 1.) On July 14, 2020, the court issued a Summons as to Defendant. (Doc. 6.) On July 17, 2020, Plaintiffs filed the First Amended Complaint ("FAC"). (Doc. 7.)

Plaintiffs are affiliated entities that operate "a subprime auto loan servicing and origination business." (*Id.* ¶ 11.) "This action arises out of Defendant's conduct while he was an officer, manager, and director of the Affiliated Entities." (*Id.* ¶ 13.) Plaintiffs allege that Defendant engaged in misconduct including disclosure of sensitive, non-public information, some of which was "accessed through deceptive and surreptitious means," and/or beyond his authority to disclose, and/or known to Defendant to be false. (*Id.* ¶¶ 22-29.) Based on these disclosures, a non-party initiated a costly lawsuit against Plaintiffs in

California state court (*id.* ¶¶ 30-42) and the Securities and Exchange Commission ("SEC") investigated Plaintiff DPG Investments LLC, resulting in a loss of Plaintiffs' investment funding, despite the SEC's conclusion that no enforcement action was necessary (*id.* ¶¶ 43-49). Plaintiffs bring claims of breach of fiduciary duty and breach of the Consumer Fraud and Abuse Act. (*Id.* ¶¶ 50-66.)

Plaintiffs attempted service nine times in July 2020, three times in September 2020, and eight times in November 2020, at various times of the day, at Defendant's residence at 10325 Celestial Drive, Scottsdale, Arizona 85262. (Doc. 14-1 at 3, 4, 6.) Defendant lives in a gated community where a security guard verified that the residence is Defendant's home. (*Id.* at 6.) Plaintiffs assert that during one of these service attempts, the process server saw a UPS parcel at the front door, further confirming that Defendant resides there. (Doc. 14 ¶ 12, 26.) The process server also once "noticed activity within [Defendant's] mansion" but was "unable to make contact with Defendant or another resident." (*Id.* ¶ 26.)

Plaintiffs have made other attempts, as well. On August 5, 2020, Plaintiffs "left a voicemail for Timothy Eckstein, Defendant's last known counsel of record, in an effort to have Mr. Eckstein accept service on behalf of Defendant. Mr. Eckstein did not respond." (*Id.* ¶ 6.) On September 28, 2020, "Plaintiffs conducted a skiptrace and obtained a PeopleMap Report for Defendant from Westlaw," which identified two other potential addresses, but service attempts at these addresses revealed that no one who knows Defendant's whereabouts resides at these addresses. (*Id.* ¶¶ 7-11.)

Plaintiffs request an extension of time to serve[1] and leave to serve Defendant by posting a copy of the FAC and Summons on the front door and garage doors of the Celestial Drive address as well as via email to Defendant's last known email address. (*Id.* ¶¶ 27-28.)

…

…

…

---

[1] On October 9, 2020, the Court granted a previous extension of the service deadline. (Doc. 13.)

**DISCUSSION**

I. <u>Extension Of Service Deadline</u>

Rule 4(m) of the Federal Rules of Civil Procedure provides that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." *See also* Fed. R. Civ. P. 6(b)(1)(A) (court may extend time for good cause if a request is made before the deadline expires). Indeed, district courts have "broad" (but not "limitless") discretion to extend the service deadline "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Court finds that Plaintiffs have been diligent in their service attempts and have shown good cause to extend the service deadline.

Plaintiffs request an additional 60 days to serve. However, this litigation has already been stalled for many months. As discussed below, Plaintiffs will be permitted to serve in a manner that can be accomplished quickly and with ease, such that a lengthy extension is not necessary. Although service via these means could likely be accomplished within the next week or so, the Court will extend the deadline one additional month, to January 15, 2021, due to the holiday season and the ongoing Covid-19 pandemic.

II. <u>Service Via Alternative Means</u>

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law

procedures for serving process within Arizona. Pursuant to Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The Court finds that the traditional means of service have proved to be impracticable. It appears that Defendant resides at the Celestial Drive address and is actively evading service. Plaintiffs' proposed alternative means of service—posting a copy of the FAC and Summons on the front door and garage doors of the Celestial Drive address as well as via email to Defendant's last known email address—constitute "a reasonable effort to provide the person being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion (Doc. 14) is granted.

**IT IS FURTHER ORDERED** that Plaintiffs' deadline to serve Defendant is extended to **January 15, 2021**.

**IT IS FURTHER ORDERED** that service may be accomplished by (1) posting a copy of the FAC, the Summons, and this Order on the front door and garage doors of the Celestial Drive address, (2) mailing the same to the Celestial Drive address, and (3) emailing the same to Defendant's last known email address.

Dated this 15th day of December, 2020.

Dominic W. Lanza
United States District Judge